**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-01256-CMA-KMT

WILLIAM D. PIRNIE, and
CARLA PIRNIE,

      Plaintiffs,

v.

KEY ENERGY SERVICES, LLC, and
JOHN DOE, individually,

      Defendants.

## ORDER REGARDING DEFENDANT'S MOTION TO STRIKE

This matter is before the Court on Defendant's Motion to Strike Plaintiffs' Response in Objection to Defendant's Reply in Support of Motion for Summary Judgment (Doc. # 47).  For the following reasons, the Motion to Strike is GRANTED.

Defendant filed a Motion for Summary Judgment on March 26, 2009 (Doc. # 40). Plaintiffs filed their response brief on April 10, 2009, (Doc. # 41) and Defendant filed a reply brief on April 27, 2009 (Doc. # 42).  On May 7, 2009, without seeking leave or otherwise asking permission from the Court, Plaintiffs filed a surreply brief, which they labeled a "Response In Objection To Defendant's Reply In Support of Motion for Summary Judgment" (Doc. # 44).

The Tenth Circuit Court of Appeals has held that a district court has discretion to permit a written surreply brief on a motion for summary judgment.  *See Green v. New*

*Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).  However, neither the Federal Rules of Civil Procedure nor this Court's local rules of procedure provide for the filing of surreply briefs.  *See, e.g.,* D.C.COLO.LCivR 7.1.  Thus, a surreply brief is necessary only if the reply brief raises new material that was not included in the original motion.  *See Green*, 420 F.3d at 1196 (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)).  "New material" can include new legal arguments or factual evidence.  *Green*, 420 F.3d at 1196 (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003)).  If new material is raised in a reply brief, but the Court does not consider the new material in making its decision on summary judgment, a surreply is unnecessary and the Court need not permit the party to file one.  *Green*, 420 F.3d at 1196.

In this case, Plaintiffs never asked for leave of court to file their surreply brief; nor did they argue that a surreply brief was necessary under the circumstances of the case.  Plaintiffs did not show that Defendant had presented new material in the reply brief that it had not included in the original motion for summary judgment.  Thus, the Court finds that Plaintiffs' surreply brief is improper and should be stricken.

Plaintiffs may seek leave of court to re-file a surreply brief.  However, before leave will be granted, Plaintiffs must demonstrate that a surreply brief is necessary under the applicable law discussed above.

Accordingly, Defendant's Motion to Strike (Doc. # 47) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Response in Objection to Defendant's Reply in Support of Motion for Summary Judgment (Doc. # 44) shall be STRICKEN from the record.

DATED: May   15  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge