**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-01256-CMA-KMT

WILLIAM D. PIRNIE, and
CARLA PIRNIE,

      Plaintiffs,

v.

KEY ENERGY SERVICES, LLC, and
JOHN DOE, individually,

      Defendants.

---

## ORDER

---

This matter is before the Court on Defendant's Motion to Strike Plaintiffs' Expert

Witnesses (Doc. # 54), Defendant's Motion for an Order Deeming its Motion to Strike

Plaintiffs' Expert Witnesses Confessed (Doc. # 57), and Plaintiff's Motion for Extension

of Time to File Expert Witness Disclosures (Doc. # 59.)  The Motion to Strike (Doc. #

54) is GRANTED, the Motion for Order (Doc. # 57) is DENIED AS MOOT, and the

Motion for Extension (Doc. # 59) is DENIED.

### LOCAL RULE 7.1A

As a preliminary matter, the Court points out that both sides have completely

ignored the plain language of D.C.COLO.LCivR 7.1A in their respective motions.  That

rule states:

> **Duty to Confer.**  The court will not consider any motion, other than a motion
> under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro

se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

Contrary to the parties' arguments, there is no exception to local rule 7.1A if the movant believes conferral would be futile.  Only motions to dismiss and motions for summary judgment are exempt from conferral, and those motions are not at issue in this Order.  Thus, the Court cautions both parties that additional failures to comply with D.C.COLO.LCivR 7.1A may result in sanctions including denial of the motion.

## DISCUSSION

The Court now turns to the merits of the motions at issue.  In the Scheduling Order, the magistrate judge set November 1, 2008, as the deadline for Plaintiffs' expert disclosures under Federal Rule 26(a).  (Doc. # 15 at 8.)  However, Plaintiffs did not disclose their expert witnesses until June 2, 2009, approximately seven months after the deadline.  Defendant argues that Plaintiffs' late designation precludes Plaintiffs from using the experts in at trial.  The Court agrees with Defendant.

Federal Rule 26(a) requires a party to disclose the names of all individuals and information that the party may use to support its claims or defenses, including expert witnesses.  *See* Fed. R. Civ. P. 26(a).  Under Federal Rule 37(c), a party's failure to identify a witness under Rule 26(a) precludes the party from using that witness "in a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).  *See also Doctor John's v. Wahlen*, 542 F.3d 787, 790 (10th Cir. 2008).

In this case, Plaintiffs offer no justification for their failure to comply with Rule 26(a) and/or this Court's Scheduling Order.  Indeed, Plaintiffs even failed to respond to Defendant's Motion to Strike, despite having almost two months to do so.  Thus, Plaintiffs have not shown any justification, let alone substantial justification, for their failure to comply with Rule 26(a).

Moreover, Plaintiffs' failure to timely disclose their expert witnesses is not harmless.  Discovery in this matter ended months ago and, if Plaintiffs had designated their witnesses in a timely fashion, Defendant would have had the opportunity to depose Plaintiffs' experts without the need to re-open discovery and adjust other case deadlines, like the trial date.  Further, the late disclosure leaves Defendant with very little time to hire its own experts.

Thus, the Court concludes that Plaintiffs' failure to timely designate their expert witnesses is not substantially justified or harmless.  Under Rule 37(c) Plaintiffs are precluded from using those experts at further hearings or at trial.[1]

Likewise, Plaintiffs' Motion for Extension contains no explanation or justification for Plaintiffs' failure to timely designate their expert witnesses.  The only excuse that Plaintiffs offer for the seven-month delay in disclosure of their expert witnesses is that Plaintiffs' counsel experienced "major staff changes."  However, the Court concludes that "staff changes," even major ones, cannot excuse Plaintiffs' complete dereliction of

---

[1] The Court's decision on Defendant's Motion to Strike renders Defendant's Motion for Order moot, so the Motion for Order (Doc. # 57) is DENIED.

the expert disclosure deadlines contained in Rule 26(a) and this Court's Scheduling

Order.  Therefore, Plaintiff's Motion for Extension is DENIED.

Accordingly, Defendant's Motion to Strike (Doc. # 54) is GRANTED, Defendant's

Motion for Order (Doc. # 57) is DENIED AS MOOT, and Plaintiff's Motion for Extension

(Doc. # 59) is DENIED.  It is

FURTHER ORDERED that, pursuant to Federal Rule 37(c), Plaintiffs may not

use the testimony of Dr. James Satt, Dr. Cleon Goodwin, Judie Wookey, Dr. Tina

Suneja, Gail Pickett, Cecil McPherron, and John Freeman at future hearings or trial in

this matter.

DATED:  July 29, 2009.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4